No. A-CV-22-82

## COURT OF APPEALS OF THE NAVAJO NATION

September 1, 1982

Franklin NEZ, Freddy FOOTRACER, Emerson CURLEY, Raymond C. ASHLEY, Bobby PESHLAKAI, Edward YELLOWHAIR, Kenneth KEYONNIE, Bennie H. YAZZIE, Jeffrey CASTILLO, Jesse THOMAS, Frank NEZ, Ben THOMAS, Willard YELLOWHAIR, Alfred FRANCIS, Calvert TSO, Vincent BAKER, Jasper THOMAS, Appellants,

vs.

Frank BRADLEY, Leonard ARVISO, Melvin RIGGS, Perry GARNENEZ, John HUNT, Individually and in their official capacities as Board Members of the NAVAJO DIVISION OF EQUAL OPPORTUNITY AND EMPLOYMENT and Samuel BILLISON, Director of the NAVAJO DIVISION OF EQUAL OPPORTUNITY AND EMPLOYMENT, Appellees.

ORDER

Robert C. Ericson, Esq., Michael C. Nelson, Esq., DNA-People's Legal Services, Window Rock, Navajo Nation (Arizona) for appellants and Gary Verberg, Esq., Department of Justice, Window Rock, Navajo Nation (Arizona) for appellee.

This order is made upon the motion of 18 appellants, who are members of the Navajo labor force and parties to proceedings before the Navajo Division of Equal Opportunity and Employment. The motion asks for equitable relief under 7 NTC Sec. 303, which permits the Court of Appeals to issue any writ or order which may be required in order to completely exercise its jurisdiction. The appeal on file claims that the Board of Directors of the Division of Equal Opportunity and Employment failed to properly carry out one of the purposes for which it was established, namely reducing unemployment through requiring preferential treatment of Navajo Indians in employment in a construction project undertaken within the Navajo Nation. 15 NTC Sec. 202. The appellants also claim that the Board violated the "Guidelines for the Establishment of Navajo Manpower Utilization Requirements in Construction Activity," which were established by the Office of Navajo Labor Relations. The appellants claim that unless this court immediately issues an order which either requires the Board to require a bond of $49,814 from A & M Building Systems, Inc. (the contracting firm complained of before the Board) or requires Eldon Hansen, the Controller of the Navajo Nation, to withhold payment to A & M in the sum of $49,814, they will be left without a remedy for a violation of law.

# DISCUSSION OF PROCEDURAL PROBLEMS WITH THIS CASE

## I.

## JURISDICTION

The appellants come to this court relying upon Section N.3 of the guidelines referred to above. That section very simply provides that any aggrieved party may appeal to this court from a decision of the Board of the Office of Navajo Labor Relations. The section also purports to give this court the authority to issue orders altering, suspending or modifying a decision of the Board of the Office of Navajo Labor Relations. The court has been provided with no authority to the effect that the Office of Navajo Labor Relations or any other administrative agency has the power to confer jurisdiction upon this court for appeals such as this. This court's jurisdiction is fixed by 7 NTC Sec. 302, which only provides for jurisdiction to hear appeal from final judgments and orders of the Trial Court of the Navajo Nation. Further, neither Chapter 3 of Title 15 of the Navajo Tribal Code, which establishes and empowers the Division of Equal Opportunity and Employment, nor any other provision of the Labor title vests this court with direct appellate jurisdiction over its decisions. Since the appellants have not provided authority showing a vesting of jurisdiction by the Navajo Tribal Council, this court must find its jurisdiction to be questionable and will leave the burden of proving such jurisdiction upon the appellants.

## II.

## REMEDIES AVAILABLE TO THE APPELLANTS

15 NTC Sec. 209 imposes mandatory duties upon the Board of the Division of Equal Opportunity and Employment, including the duty of subsection (9) of that statute to hear complaints regarding the failure of businesses to comply with Navajo preference statutes and regulations. There should be no question of whether or not there is judicial review to examine the propriety of the Board's actions, since the Navajo Tribal Code does not give it exclusive jurisdiction over disputes before it. Brewster v. Bee & Benally, 1 Navajo R. 128, 130 (Ct. App. 1977). However, in the absence of a jurisdictional statute (as discussed above), shouldn't there be a petition for judicial review in the Widow Rock District Court? Since there are claims that the Board violated mandatory provisions of its own regulations and statutes, wouldn't a mandamus action be available against the public officials named as parties here?

While this court does have the power to enter proper orders to enforce its jurisdiction, the legal basis for compelling the Board and the Controller to act is unclear and it should be clarified. The appellants are simply asking for relief by way of an unsworn motion, and without more complete evidence before the court it should be hesitant to issue what would be very extraordinary relief. This court notes that bonding companies customarily require a premium of 15% for bonds. That would mean that A & M would have to pay $7,472.10 for a bond alone, and the

court is hesitant to require that an individual or business be required to pay that sum without a more clear showing of exactly why the appellants will be left without a remedy.

## III.

## PARTIES

The appellants quite correctly named the Board and the individual members of the Board as parties to this action. There is an unresolved question about what board is the proper party, however. It is clear that the Board of Directors of the Division of Equal Opportunity is a proper party for the things the appellants complain of, but they appear before this court under color of regulations providing for an appeal from the Board of the Office of Navajo Labor Relations. At page 2 of the notice of appeal there is an allegation that the Board named in this action is also known as ("aka") the Board of the Office of Navajo Labor Relations, but this important fact should be clarified for precision.

It is understandable that the board and its members are named as parties, and it is the decision of those parties which is complained of. However the appellants seek to have A & M pay out monies for a bond or withhold contractual payments from it without making it a party or serving a copy of the appeal and associated papers upon it. It is elementary that due process requires that a business have notice and an opportunity to be heard before requiring that it pay out money or withholding expected benefits from it.

There is also the problem that the appellants ask special equitable relief by way of ordering Eldon Hansen, the Controller of the Navajo Nation, to withhold contractual payments from A & M without giving Hansen an opportunity to contest whether or not he should be required to do so. The Board may have the authority to require that Hansen withhold those monies, but that remains to be clarified, and certainly the authority of this court to order Hansen to act without making him a party is in question.

## IV.

## MOOTNESS AND LACK OF REMEDY

The appellants say that their "potential claims and protected interests. . . may escape remedy" if this court does not require a bond or order a withholding of payment. That is hardly the sort of allegation which so move the court's conscience to act against evil as to require the relief requested.

The court is not provided with enough evidence to show that there may be a moot situation or no remedy for the appellants if the money is not tied up or secured in some way. The real possibility of mootness or a lack of remedy must be demonstrated in a better fashion, and courts using equity powers have always required those matters to be spelled out clearly, specifically and under oath before issuing extraordinary orders.

## V.

## CERTAINTY OF REMEDY

The appellants ask the court to secure the availability of $49,814 under the contract in dispute, while at the same time their letter dated August 27, 1982 to the Director of the Office of Navajo Labor Relations asks for interim relief in the form of a bond in the sum of $20,760. There is no explanation as to why there is a difference in the sums demanded, and it is questionable that a court reviewing the actions of an administrative agency should grant greater relief than that demanded of the agency.

## VI.

## FACTUAL ALLEGATIONS

It is true this court has the power to issue necessary and proper writs and orders to protect its jurisdiction. 7 NTC Sec. 303. It is not the fault of the appellants that there are no clear guidelines for relief under that statute, but the statute itself clearly refers to traditional extraordinary relief which requires a clear showing of irreparable injury, the lack of an adequate remedy at law, verified pleadings, specific facts and other matters which have been time-honored and traditional protections of the rights of individuals. Therefore the appellants should have demanded equitable relief following normal rules of pleading for equitable relief.

Due to the short and summary nature of the motion for equitable relief on file, this court cannot act upon the pleadings. As has been shown, there are a number of questions this court has about this matter.

The court chooses not to summarily deny the motion for equitable relief, for there may indeed be proper cause to act. However without a full discussion of the matters raised above and a hearing giving all parties an opportunity to be heard, this court cannot act.

The appellants are cautioned to carefully examine the jurisdiction of this court and the relief requested in order to make an intelligent decision as to their remedy, because everyone examining this problem understands there are tight time limitations. This order was received at approximately 4:00 p.m. on August 31, 1982, and this order is being issued on September 1, 1982. It is complained that the completion date of the project in dispute is September 3, 1982.

## VII.

## ORDERS

Based upon the foregoing considerations, the Chief Justice of the Navajo Nation issues the following ORDERS:

1. The appellants' motion for equitable relief in furtherance of the court's jurisdiction is DENIED WITHOUT PREJUDICE to bringing the motion before the court in an adversary hearing;

2. The appellants are granted leave to present a petition in the

form of petition for a temporary restraining order to the court, upon notice to the appellees and necessary parties and an opportunity for them to be heard at a summary hearing on such a petition;

3. The Chief Justice reserves a decision on whether or not to grant an appeal under 7 NTC Sec. 801(b) pending briefing by all parties upon the jurisdiction of the Court of Appeals, the proper parties for relief and the other questions raised in this order;

4. If the appellants desire a full adversary evidentiary hearing on their motion for equitable relief, such a hearing will be scheduled before the Chief Justice at a date and time convenient to the parties. Given a possible conflict in scheduling for the use of the courtroom of the District Court at Window Rock, the hearing may be held in the conference room of the Chief Justice or at some other convenient place;

5. The Clerk of the Court of Appeals is ordered to personally, or through the use of an employee of the Judicial Branch, manually deliver copies of the foregoing order upon the attorneys for the appellants, the individual appellees by delivering copies hereof to the offices of the Navajo Division of Equal Opportunity and Employment, and upon such office by delivery of a copy to the director of such division.